OPINION OF THE COURT
Lee L. Holzman, J.
The apparently novel issue presented in this application for the issuance of letters of administration to a nephew of the decedent is whether a legacy to a niece under a purported will executed by the decedent on July 25, 1991 lapsed when she predeceased the decedent, or whether it vested in her issue pursuant to EPTL 3-3.3, the antilapse statute.
A sister of the decedent is the sole beneficiary and nominated executrix under the 1991 will and a niece, the daughter of another sister, is the alternate sole beneficiary and executrix. The *330 decedent died on January 21, 2005. Inasmuch as both the sister and the niece predeceased the decedent, the petitioner takes the position that for all practical purposes the will has no testamentary effect and, consequently, there is no need to offer it for probate. The court concurs.
EPTL 3-3.3 (a) (1), governing instruments executed prior to September 1, 1992, provides that
“[u]nless the will. . . provides otherwise:
“(1) . . . Whenever a testamentary disposition is made to the . . . sister of the testator, and such beneficiary dies during the lifetime of the testator leaving issue surviving such testator, such disposition does not lapse but vests in such surviving issue, per stirpes.”
The Legislature would have listed nieces and nephews in the antilapse statute as a class of relatives to come within its umbrella if that had been its intent. Therefore, the legacy to the niece lapsed upon her death during the decedent’s lifetime. Of course, in reaching this determination, the court is in no way implying that the result would be the same if the alternate beneficiary niece had been the sole child of the sister who was the primary beneficiary. Under these circumstances it might be determined that the issue of the niece received the disposition not because they are her issue but because, in accord with EPTL 1-2.10, they are the issue of the primary beneficiary, the sister. In effect, the alternate disposition to the niece might be treated as meaningless surplusage. This would be appropriate because had the will failed to contain the alternate disposition to the niece, the disposition to the sister would still have vested in the niece had her mother predeceased her and the disposition would clearly have vested in the sister’s grandchildren had both the sister and the niece predeceased the decedent.
In the absence of any opposition, the application is granted and the petitioner does not have to offer the will for probate. Letters of administration shall issue to the petitioner upon his filing a bond in the penal sum of $85,000.